UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL STEIN and LOUIS NOVAK,

    Plaintiffs,

No. 2:16-cv-14233-MAG-EAS

v.

CHRISTOPHER THOMAS, in his official
capacity as Director of Elections; and
JEANETTE BRADSHAW, NORMAN D.
SHINKLE, JULIE MATUZAK, and COLLEEN
PERO, in Their Official Capacities as Members
of the Board of State Canvassers,

    Defendants.

_____/

**DECLARATION OF MARK BREWER**

MARK BREWER, an attorney duly admitted to practice in the Eastern District of Michigan, declares under penalty of perjury:

1. I am an attorney in the firm Goodman Acker, P.C. and counsel for Plaintiffs Jill Stein and Louis Novak.

2. I submit this declaration in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Enjoining the Delay of the Statewide Recount of the Presidential Election.

3. On November 28, 2016, the Board of State Canvassers ("Board") held a hearing, in part, to certify the results of the 2016 presidential election. At the hearing, I reported to the

1

Board Plaintiff Stein's intention to file a petition for a statewide recount of the presidential election.

4. During this hearing, Christopher M. Thomas, Director of Elections, requested authority to oversee any potential recount and assured the Board that a recount could be completed before December 13, 2016, the federal safe harbor date for the selection of electors. The Board granted Mr. Thomas that authority.

5. The Bureau of Elections then began the process to obtain central locations in which the recount would take place, arrange for secure transportation of the ballots, and train its staff throughout the state to efficiently and accurately count every presidential vote cast in a matter of days.

6. On November 30, 2016, Plaintiff Jill Stein filed a Petition for a Recount with the Michigan Board of State Canvassers. Exhibit 1. Along with the Petition, Plaintiff Stein paid a filing fee of $973,250 to the State of Michigan. Exhibit 17.

7. After the Petition was filed, Mr. Thomas and his staff initiated plans to start the recount on Friday, December 2. Exhibit 2. The recount was scheduled to occur from 9 a.m. to 8 p.m. each day until completed, including weekends. *See id.*

8. On Thursday, December 1, Donald Trump filed objections to Plaintiff Stein's Petition. Exhibit 3. Mr. Trump objected to the petition on the following grounds: (1) even though Plaintiff Stein is a presidential candidate, as required under Michigan law to seek a recount, she was not permitted to do so; (2) a recount could not be completed by December 13th, if started on December 2nd; and (3) the petition, which was sworn before a notary public, was not validly notarized.

9. The Board noticed meetings for December 2nd and 3rd and included on its agenda "resolution of any objections to the recount petition." Exhibits 4 and 5. The Bureau of Elections suspended its plans to begin the recount on December 2nd, stating that they have been "put on hold until the Board of State Canvassers makes a determination on the objection." Exhibit 6. *See also* Exhibit 7.

10. On December 2, 2016, the Board held hearing regarding Mr. Trump's objections. I attended this hearing and argued on behalf of Plaintiff Stein's Petition and against Mr. Trump's objections. At the conclusion of the hearing, the Board rejected each of Mr. Trump's objections.

11. Even though the Board rejected Mr. Trump's frivolous objections, Mr. Thomas concluded that the recount could not begin until at least two-business days elapsed. He relied on Mich. Comp. Law § 166.882(3) in reaching that conclusion. That statute reads, in part, as follows: "The board of state canvassers shall not begin a recount unless two or more business days have elapsed since the board ruled on the objections under this subsection, if applicable."

12. Mr. Thomas stated his intention to start the recount on the evening of Tuesday, December 6 or early on Wednesday, December 7 based on this directive. He could not assure the Board that a recount starting on December 7 would be completed before December 13th.

13. The importance of a recount to ensuring the integrity of Michigan's vote cannot be understated. Computer science experts are united in their view that our nation's elections systems are vulnerable to cyberattack, and Michigan is not exempt. Seven of these experts—renowned computer scientists and academics from across the nation—have provided affidavits, and they are attached as Exhibits 9-15 of my declaration. The experts unanimously agree: the

3

full manual recount that Dr. Stein validly petitioned for is the only way to ensure that the Michigan vote is accurate.

14. A true and correct copy of the Petition for a recount filed by Jill Stein on November 29, 2016 is attached as Exhibit 1 to this declaration.

15. A true and correct copy of the Michigan Recount Schedule, dated November 30, 2016, is attached as Exhibit 2 to this declaration.

16. A true and correct copy of the Objections of Donald J. Trump and Donald J. Trump for President, Inc. to Jill Stein's Petition for a recount, dated December 1, 2016, is attached as Exhibit 3 to this declaration.

17. A true and correct copy of the Board of State Canvassers Meeting Notice for December 2, 2016 is attached as Exhibit 4 to this declaration.

18. A true and correct copy of the Board of State Canvassers Meeting Notice for December 3, 2016 is attached as Exhibit 5 to this declaration.

19. A true and correct copy of the Daily Election Recount Summary is attached as Exhibit 6 to this declaration.

20. A true and correct copy of the Postponed Michigan Presidential Recount Schedule is attached as Exhibit 7 to this declaration.

21. A true and correct copy of Determining the Validity of Optical Scan Ballot Markings, dated July 18, 2006, is attached as Exhibit 8 to this declaration.

22. A true and correct copy of the Affidavit of Dan S. Wallach is attached as Exhibit 9 to this declaration.

23. A true and correct copy of the Affidavit of Douglas W. Jones is attached as Exhibit 10 to this declaration.

4

24. A true and correct copy of the Affidavit of Harri Hursti is attached as Exhibit 11 to this declaration.

25. A true and correct copy of the Affidavit of Alex Halderman is attached as Exhibit 12 to this declaration.

26. A true and correct copy of the Affidavit of Phillip B. Stark is attached as Exhibit 13 to this declaration.

27. A true and correct copy of the Affidavit of Poorvi L. Vora is attached as Exhibit 14 to this declaration.

28. A true and correct copy of the Affidavit of Ronald L. Rivest is attached as Exhibit 15 to this declaration.

29. A true and correct copy of the Receipt of Filing Fee for Petition for Recount is attached as Exhibit 16 to this declaration.

30. A true and correct copy of the Emergency Complaint for Writ of Mandamus in *Schuette v. Board of State Canvassers* is attached as Exhibit 17 to this declaration.

Executed on:   December 2, 2016
               Southfield, Michigan

                                              /s/ Mark Brewer
                                              MARK BREWER