UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL STEIN and LOUIS NOVAK,

    Plaintiffs,

v

CHRISTOPHER THOMAS, et al.,

    Defendants,

BILL SCHUETTE, Attorney General, and MICHIGAN REPUBLICAN PARTY,

    Intervenors-Defendants.

No. 2:16-cv-14233-MAG-EAS

HON. MARK A. GOLDSMITH

MAG. ELIZABETH A. STAFFORD

---

**MICHIGAN ATTORNEY GENERAL BILL SCHUETTE'S EMERGENCY MOTION TO IMMEDIATELY DISSOLVE TEMPORARY RESTRAINING ORDER AND BRIEF IN SUPPORT**

On December 5, 2016, this Court issued an opinion and order granting Plaintiffs' motion for a temporary restraining order and directing the Michigan Board of Canvassers and Michigan's Director of Elections to "commence" the Michigan recount notwithstanding the two-day tolling period in Mich. Comp. Laws § 168.882(3). The ruling contemplated that the recount might "later be halted." 12/5/16 Op. &

1

Order at 8 n.2. The Sixth Circuit affirmed the TRO in an order issued earlier this evening (Exhibit 1), while recognizing the limited nature of this Court's ruling. 6th Cir. Order at 6 (noting that this Court's order "merely required the recount to start a day-and-a-half earlier than it otherwise would have"); *id*. at 8 (holding that this Court "did not abuse its discretion by issuing a temporary restraining order halting *operation of the waiting period law*" (emphasis added)).

Nearly simultaneously, the Michigan Court of Appeals released its own published opinion (Exhibit 2) granting Michigan Attorney General Bill Schuette's request for a writ of mandamus and directing the Board of State Canvassers "to reject the November 30, 2016 petition of candidate Stein the precipitated the current recount process." Mich. Ct. App. Op. at 7. The Court of Appeals held that candidate Stein is not an "aggrieved" party under Mich. Comp. Laws § 168.879(1)(b). *Id.* As a matter of Michigan law, then, it is as though Stein's recount petition was never accepted and the recount process never began.

The Sixth Circuit, anticipating this possibility, had already clarified in its order that the question whether "Stein had the right to initiate the recount in the first place" is "an issue of Michigan state law

that [was] not before [the panel], and will in any event be determined by the Michigan courts." 6th Cir. Order at 3. And in the event "the Michigan courts determine that Plaintiffs' recount is improper under Michigan state law for any reason," as has now happened, the Sixth Circuit expected that this Court would of course "entertain any properly filed motions to dissolve or modify" the TRO. *Id.* at 8. Accordingly, Attorney General Schuette moves this Court to dissolve the TRO.[1]

## ARGUMENT

The Michigan Court of Appeals determined conclusively that candidate Jill Stein is not an "aggrieved" candidate entitled to a recount under Michigan law. Mich. Ct. App. Op. 4–7. And the Sixth Circuit determined conclusively that whether Plaintiffs are entitled to a recount is a question of state law, to which it expects this Court to defer. 6th Cir. Order at 8. This Court is precluded under the law-of-

---

[1] As required by Local Rule 7.1(a)(2)(A), the State Defendants and the Michigan Republican Party have all consented to the filing of this motion. Counsel has attempted to obtain concurrence from Plaintiffs' counsel, by voicemail and email, and Plaintiffs' counsel has not yet responded.

3

the-case doctrine from reexamining that issue. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998).

The Sixth Circuit throughout its order emphasized that it is for the Michigan courts, and not this Court, to determine whether Stein is an "aggrieved" candidate entitled to a recount under Michigan law. The Sixth Circuit expressly held that this question is "*best left to the Michigan courts* at this stage." 6th Cir. Order at 7; accord *id.* at 3 (whether Stein "had the right to initiate the recount in the first place" is "an *issue of Michigan state law . . .* and *will . . . be determined by the Michigan courts*") (emphasis added); *id.* (noting that "Michigan law" provides for election recounts and that Plaintiffs have invoked the recount right "created by Michigan law"); *id.* (explaining that while the "Michigan state courts may eventually decide otherwise, to date, no court has held that Stein and Novak's recount petition was invalid"); *id.* at 5 (referring to "right to a recount *provided under Michigan law*" and "*state* recount right") (emphasis added); *id.* at 5–6 (noting that "*once a state legislature vests its citizens with election rights*," those rights are fundamental and protectable under the federal Constitution) (emphasis added); *id.* at 6 (referring to "*state-recognized recount right*"); *id.* (noting

4

Plaintiffs' right to invoke the recount procedures "*afforded them under Michigan law*") (emphasis added); *id.* at 6–7 (noting "*state-created recount right*") (emphasis added).

This Court should accordingly dissolve the TRO and do so immediately. This Court's order was properly limited to precluding Defendants from enforcing the statutory two-day waiting period before commencing the recount—as the Sixth Circuit recognized—and that two-day period has now passed. And there is no other basis for this Court's continuing jurisdiction. Because Michigan's election law is generally applicable and non-discriminatory, it is deemed to impose no more than a minimal burden, and it is presumed to pass constitutional muster. *Ohio Democratic Party v. Husted*, 834 F.3d 620, 631 (6th Cir. 2016) (citing *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 200, 202–03 (2008)).

This Court declined to require Plaintiffs to post a bond to cover the immense public cost of a recount—a cost that will be borne almost entirely by Michigan taxpayers—because it reasoned that Stein's deposit of just under $1 million provided "sufficient funds from which to compensate Michigan for the *start* of the recount before December 7,

5

*should the recount later be halted*." 12/5/16 Op. & Order at at 8 n.2 (emphasis added); *id*. at 4 (noting that deposit "covers the cost of starting the recount roughly a day or two before it would otherwise commence if the two-day rule were observed"). The Michigan Court of Appeals has now directed that the recount be halted.

For every moment the recount persists, Michigan taxpayers will be harmed irreparably by having to pay for a recount that Michigan law does not authorize and which has been estimated to cost $5 million. Chad Livengood, *Mich. recount to start Friday barring Trump challenge*, The Detroit News (Dec. 1, 2016), available at goo.gl/wNq0RQ (last visited Dec. 1, 2016). More important, as the Chief Justice of the Supreme Court has stated, "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (internal quotation omitted). The TRO should be dissolved immediately.

        Respectfully submitted,

        Bill Schuette
        Attorney General

        Matthew Schneider (P62190)

6

        Chief Legal Counsel
        Counsel of Record

        */s/ John J. Bursch*
        John J. Bursch (P57679)
        Special Assistant Attorney General
        BURSCH LAW PLLC
        9339 Cherry Valley Ave SE, #78
        Caledonia, MI 49316
        (616) 450-4235

        Kathryn M. Dalzell (P78648)
        Assistant Solicitor General
        Attorneys for Plaintiff
        P.O. Box 30212
        Lansing, MI 48909
        (517) 373-1124

Dated:  December 6, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2016, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ *John Bursch*
John Bursch (P57679)
Special Assistant Attorney General
BURSCH LAW PLLC
9339 Cherry Valley Ave SE, #78
Caledonia, MI 49316
(616) 450-4235