UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JILL STEIN and LOUIS NOVAK,**<br><br>**Plaintiffs,**<br><br>v<br><br>**CHRISTOPHER THOMAS, in his official capacity as Director of Elections; and JEANETTE BRADSHAW, NORMAN D. SHINKLE, JULIE MATUZAK, and COLLEEN PERO, in their Official Capacities as Members of the Board of Canvassers,**<br><br>**Defendants.** | Case No. 2:16-cv-14233-MAG-EAS<br><br>Hon. Mark A. Goldsmith |

## MICHIGAN REPUBLICAN PARTY'S EMERGENCY *EX PARTE* MOTION TO IMPLEMENT THE SIXTH CIRCUIT'S DIRECTIVE AND DISSOLVE THE TEMPORARY RESTRAINING ORDER

The Michigan Republican Party, pursuant to Federal Rule of Civil Procedure ("Rule") 24 (a) and (b), for their emergency *ex parte* motion to implement the Sixth Circuit's directive and dissolve the temporary restarting order, state that:

In compliance with E.D. Mich. Local Rule 7.1(a), the Michigan Republican Party's counsel called Plaintiff's counsel on December 6, 2016, to request concurrence in Intervening Defendants motion to dissolve Temporary Restraining Order based upon the ruling of the Michigan Court of Appeals; however, such

concurrence was not received. Concurrence was received from counsel for the State Defendants and the Attorney General.

The Motion is supported by the attached Brief in Support of Motion.

WHEREFORE, the Michigan Republican Party respectfully request that this Court grant its emergency *ex parte* motion to implement the Sixth Circuit's directive and dissolve the temporary restarting order.

Respectfully submitted,

Date: December 6, 2016                By:  */s/Jason T. Hanselman*
                                           Gary P. Gordon (P26290)
                                           Jason T. Hanselman (P61813)
                                           Attorneys for Michigan Republican Party
                                           Dykema Gossett PLLC
                                           201 Townsend Street, Suite 900
                                           Lansing, MI 48933
                                           (517) 374-9133
                                           jhanselman@dykema.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JILL STEIN and LOUIS NOVAK,** | |
| **Plaintiffs,** | Case No. 2:16-cv-14233-MAG-EAS |
| v | Hon. Mark A. Goldsmith |
| **CHRISTOPHER THOMAS, in his official capacity as Director of Elections; and JEANETTE BRADSHAW, NORMAN D. SHINKLE, JULIE MATUZAK, and COLLEEN PERO, in their Official Capacities as Members of the Board of Canvassers,** | |
| **Defendants.** | |

## BRIEF IN SUPPORT MICHIGAN REPUBLICAN PARTY'S EMERGENCY *EX PARTE* MOTION TO IMPLEMENT THE SIXTH CIRCUIT'S DIRECTIVE AND DISSOLVE THE TEMPORARY RESTRAINING ORDER

The Michigan Recount is costing taxpayers nearly one million dollars per day. The Michigan Court of Appeals held tonight that the Michigan Board of State Canvassers (the "Board") should not have allowed Dr. Jill Stein's ("Stein") recount petition to proceed because that petition is improper under Michigan law. Pursuant to the United States Sixth Circuit Court of Appeals' ruling tonight, this Court should dissolve the December 4, 2016 Temporary Restraining Order issued against

the Board and Director of Elections Chris Thomas, thereby allowing the recount to stop pursuant to Michigan law.

## BACKGROUND

On December 2, 2016, Stein filed the instant action seeking to compel the Board and the Director to not comply with Michigan's statutory two-day wait period for commencing a recount after ruling on challenges to a recount petition. On December 5, 2016, this Court issued a Temporary Restraining Order stating that:

> For the above reasons, Defendants and any persons acting in concert with them are ordered to cease any delay in the commencement of the recount of the presidential vote cast in Michigan as of noon on December 5, 2016. At that time, the recount shall commence and must continue until further order of this Court. Defendants shall instruct all governmental units participating in the recount to assemble necessary staff to work sufficient hours to assure that the recount is completed in time to comply with the "safe harbor" provision of 3 U.S.C. § 5.2.

(12/6/2016 Op. & Order at 7-8, Dkt # 16, Pg ID ##678-79.)

Later in the day on December 5, 2016, the Michigan Republican Party appealed this Court's ruling to the United States Sixth Circuit Court of Appeals. The United States Sixth Circuit Court of Appeals tonight issued an order holding that if "Michigan courts determine that Plaintiffs' recount is improper under Michigan state law for any reason, we expect the district court to entertain any

properly filed motions to dissolve or modify its order in this case." *Stein v. Thomas*, No. 16-2690, slip op. at 8 (6th Cir. Dec. 6, 2016) (attached as Exhibit 1). Minutes later, the Michigan Court of Appeals granted the request of the Attorney General and President-Elect Trump for issuance of a writ of mandamus and directed the Board of State Canvassers to reject Stein's Recount Petition. *See Attorney Gen. v. Bd. of State Canvassers*, No. 335947 (Mich. Ct. App. Dec. 6, 2016) (attached as Exhibit 2).

In so holding, the Michigan Court held that, to be "aggrieved" under Michigan law, "the candidate must be able to allege a good faith belief that but for mistake or fraud, the candidate would have had a reasonable chance of winning the election." *Id.* at *5. The Michigan Court concluded that, because Stein readily admits that she is unlikely to change the election results, Stein failed to meet the mandatory petition requirements to commence a recount under Michigan law. *Id.* Specifically, the Court stated that Stein's petition failed to meet the requirements of MCL 168.879(1)(b). *Id.*

The Board has scheduled a meeting for 9:30 a.m. tomorrow (December 7, 2016) at which time it is anticipated that the Board will follow the Michigan Court of Appeals' order and reject Stein's petition for failure to comply with Michigan law. The Michigan Republican Party files this Motion to request that this Court dissolve the Temporary Restraining Order by 9:30 a.m. on December 7, 2016.

3

# **ARGUMENT**

I. **PURSUANT TO THE SIXTH CIRCUIT COURT OF APPEALS' RULING, THIS COURT SHOULD DISSOLVE THE TEMPORARY RESTRAINING ORDER THIS COURT ISSUED UNDER FED. R. CIV. P. 65.**

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 (6th Cir. 1996); see also *United States v. Moore*, 38 F.3d 1419, 1421 (6th Cir. 1994) (stating that the law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved.").

Here, the Sixth Circuit expressly stated in its Opinion:

> If, subsequently, the Michigan courts determine that Plaintiffs' recount is improper under Michigan state law for any reason, we expect the district court to entertain any properly filed motions to dissolve or modify its order in this case.

*Stein v. Thomas*, No. 16-2690, at *8.

The Michigan Court of Appeals determined that Plaintiffs' recount was improper under Michigan law:

> Under these circumstances, we conclude that Dr. Stein's petition failed to meet the requirements of subsection 879(1)(b) because she has not alleged, and cannot allege in good faith, that she "is aggrieved on account of fraud or mistake in the canvass of the votes" for the Office of President of the United States. Under these

4

circumstances, the Board had a clear legal duty to reject Dr. Stein's petition.

*Attorney Gen. v. Bd. of State Canvassers*, No. 335947, at *6.

This Court is, thus, required to entertain properly filed motions to dissolve or modify this Court's TRO order if Michigan courts found the Petition to be improper under State law, which is precisely what has occurred here.

WHEREFORE, the Michigan Republican Party respectfully request that this Court grant its Emergency *Ex Parte* Motion To Implement The Sixth Circuit's Directive And Dissolve The Temporary Restraining Order.

Respectfully submitted,

Date: December 6, 2016         By: */s/Jason T. Hanselman*
Gary P. Gordon (P26290)
Jason T. Hanselman (P61813)
Attorneys for Michigan Republican Party
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
(517) 374-9133
jhanselman@dykema.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

*/s/ Jason T. Hanselman*
Gary P. Gordon (P26290)
Jason T. Hanselman (P61813)
Attorneys for Michigan Republican Party
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
(517) 374-9133
jhanselman@dykema.com