# STATE OF MICHIGAN

# COURT OF APPEALS

ATTORNEY GENERAL,

        Plaintiff,

v

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,

        Defendants,

and

JILL STEIN,

        Intervening-Defendant.

FOR PUBLICATION
December 6, 2016
6:15 p.m.

No. 335947

---

DONALD J. TRUMP,

        Plaintiff,

v

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,

        Defendants,

and

JILL STEIN,

        Intervening-Defendant.

No. 335958

---

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

The Attorney General and President-Elect Donald J. Trump have filed separate complaints for mandamus, each asking this Court to compel the Board of State Canvassers (the Board) to reject the November 30, 2016 petition of Green Party Presidential Candidate Dr. Jill Stein to recount the votes cast in the November 8, 2016 general election for the Office of President of the United States, and to cease any and all efforts to conduct the requested recount. Both the Attorney General and President-Elect Trump assert in part that Dr. Stein's petition failed to meet the requirements of MCL 168.879(1)(b) because she is not an aggrieved candidate. We agree and issue a writ of mandamus.

## I. FACTUAL BACKGROUND

Michigan voters cast their ballots for the Office of United States President in the general election of November 8, 2016. On November 28, 2016, the Board certified the results of the presidential election in Michigan. The final vote tallies certified by the Board are as follows: 2,279,543 votes for Republican Party candidate Donald Trump; 2,268,839 votes for Democratic Party candidate Hillary Clinton; 172,136 votes for Libertarian Party candidate Gary Johnson; and 51,463 votes for Green Party candidate Dr. Jill Stein. Dr. Stein's vote total is approximately 1.07 percent of the nearly 4.8 million votes cast for the Office of United States President.

On November 30, 2016, Dr. Stein and ten of her electors petitioned the Board for a manual recount of the votes cast for the Office of United States President. The petition reads, in pertinent part, as follows:

> I, Jill Stein, a candidate for the office of the President of the United States in an election held on November 8, 2016, petition the Board of State Canvassers for a recount of the votes cast for this office. The undersigned members of my slate of electors join me in this Petition.
>
> I and the undersigned members of my slate of electors, individually and collectively, are aggrieved on account of fraud or mistake in the canvass of the votes by the inspectors of election, and/or the returns made by the inspectors, and/or by the Board of County Canvassers, and/or by the Board of State Canvassers.
>
> I request that all of the precincts and absent voter count board (AVCB) precincts within the State of Michigan be recounted by hand count. . . .

On December 1, 2016, President-Elect Trump filed objections to the recount petition. The President-Elect objected in part on the basis that Dr. Stein was not "aggrieved" under MCL 168.879(1)(b) because she had no chance of winning Michigan's electoral votes as the result of a recount.

That same day, Dr. Stein filed a response to the objections, asserting that MCL 168.879(1)(b) only required her to allege generally that she was aggrieved. She further asserted that the statute did not require her to meet any particular standard or offer proof to demonstrate her aggrieved status.

The Board met on December 2, 2016, to consider the petition and rule on the objections. The Board deadlocked, voting 2-2 on whether to approve the recount petition. This deadlock resulted in the petition being deemed approved. By order of the United States District Court for the Eastern District of Michigan, the recount began on Monday, December 5, 2016. *Stein v Thomas*, No. 16-cv-14233 (ED Mich, 2016).

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has original jurisdiction to entertain actions for mandamus against state officers. MCR 7.203(C)(2); *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 282; 761 NW2d 210 (2008). We consider de novo whether the defendant had a clear legal duty to perform and whether the plaintiff had a clear legal right to performance of that duty. *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 491-492; 688 NW2d 538 (2004).

## III. REQUIREMENTS FOR MANDAMUS

"Mandamus is the appropriate remedy for a party seeking to compel action by election officials." *Citizens Protecting Michigan's Constitution*, 280 Mich App at 283. This Court will only issue a writ of mandamus if the party seeking mandamus meets four requirements:

> (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists, legal or equitable, that might achieve the same result. [*Id.* at 284.]

This Court may also "enter any judgment or order and grant further or different relief as the case may require[.]" MCR 7.216(A)(7). The issuance of a writ of mandamus rests within the discretion of this Court. *Rental Props Owners Ass'n*, 308 Mich App at 518. "The plaintiff bears the burden of demonstrating entitlement to the extraordinary writ of mandamus." *Citizens for Protection of Marriage*, 263 Mich App at 492.

## IV. DUTIES OF THE BOARD OF STATE CANVASSERS AND DIRECTOR OF ELECTIONS

A clear legal right is a right "clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Rental Props Owners Ass'n of Kent Co v Kent Co Treas*, 308 Mich App 498, 519; 866 NW2d 817 (2014) (quotation marks and citation omitted). The parties do not dispute that the Attorney General or President-Elect Trump has a clear legal right to have the Board perform its statutory duties. The question presented is whether the Board has a clear legal duty to perform the acts requested—that is, whether the Board had a clear legal duty to deny Dr. Stein's petition for a recount.

The Board is an agency having no inherent power—"[a]ny authority it has is vested by the Legislature, in statutes, or by the Constitution." *Citizens for Protection of Marriage*, 263 Mich App at 492. MCL 168.879(1)(b) provides the authority by which a candidate may petition for a recount:

> (1) A candidate voted for at a primary or election for an office may petition for a recount of the votes if all of the following requirements are met:
>
> * * *
>
> (b) The petition alleges that the candidate is aggrieved on account of fraud or mistake in the canvass of the votes by the inspectors of election or the returns made by the inspectors, or by a board of county canvassers or the board of state canvassers. The petition shall contain specific allegations of wrongdoing only if evidence of that wrongdoing is available to the petitioner. If evidence of wrongdoing is not available, the petitioner is only required to allege fraud or a mistake in the petition without further specification.

MCL 168.882(2) allows a candidate to file a counter-petition challenging the petition for a recount. MCL 168.882(3) provides in pertinent part that "the board of canvassers shall rule on the objections raised to the recount petition." MCL 168.883 requires the Board to "investigate the facts set forth in said petition and cause a recount of the votes cast . . . ."

The Attorney General and President-Elect Trump each allege that the Board had a clear legal duty to deny the petition because it was not made by a candidate who was "aggrieved on account of fraud or mistake." We agree.

When interpreting a statute, this Court's primary goal is to ascertain the intent of the Legislature. *Rental Props Owners Ass'n*, 308 Mich App at 508. We first review the language itself, because the words of the statute provide the most reliable evidence of the Legislature's intent. *Id*. We afford every word and phrase of the state its plain and ordinary meaning, unless otherwise statutorily defined. *Id*. We may consult a dictionary to give words their common and ordinary meanings. *Id*. If the statute's language is clear and unambiguous, we may not engage in judicial construction. *Id*. When interpreting law governing elections, we must construe the statutes "as far as possible in a way which prevents the disenfranchisement of voters through the fraud or mistake of others." *Kennedy v Bd of State Canvassers*, 127 Mich App 493, 496-497; 127 NW2d 493 (1983).

MCL 168.879(1)(b) does not define the term "aggrieved." Nor has this Court defined "aggrieved" in this specific context. Thus, we look to dictionary definitions to provide the common and ordinary meaning of the word aggrieved.

MCL 168.879(1)(b) is clear and unambiguous. It requires that the candidate seeking a recount allege that he or she "is aggrieved on account of fraud or mistake in the canvass of the votes[.]" "Aggrieved" is defined as "having suffered loss or injury; damnified; injured." *Black's Law Dictionary* (2nd ed, 1910). Aggrieved also means "suffering from an infringement or denial of legal rights," *Merriam-Webster's Collegiate Dictionary* (11th ed, 2014), p 25, or "([o]f a person or entity) having legal rights that are adversely affected; having been harmed by an infringement of legal rights," *Black's Law Dictionary*, (10th ed), p 80.

Assigning the term "aggrieved" its plain and ordinary meaning, MCL 168.879(1)(b) requires that the candidate allege a loss or injury that resulted from fraud or mistake in the canvassing of votes. As previously noted, the Attorney General and President-Elect argue that,

in the context of an election, a candidate suffers a loss or injury—and thus is "aggrieved" for purposes of MCL 168.879(1)(b)—by losing an election the candidate would have won but for errors in the counting of votes. They are correct that, under such circumstances, a candidate would be aggrieved for purposes MCL 168.879(1)(b).

This commonly understood definition of aggrieved is consistent with our courts' previous statements regarding petitions for recount. For instance, the Michigan Supreme Court has noted that a party's petition was sufficient to invoke a right to a recount when "slight changes in one or all of the wards specified, if in relator's favor, without corresponding changes in favor of Mr. Culver [the winner], will be sufficient to change the result announced." *Ward v Culver*, 144 Mich 57, 58-59; 107 NW 444 (1906).[1]

Similarly, MCL 168.880a provides that "[a] recount of all precincts in the state shall be conducted at any time a statewide primary or election shall be certified by the board of state canvassers as having been determined by a vote differential of 2,000 votes or less." This indicates that our Legislature has recognized the same remedial purpose of recounts. See, also, *Mich Ed Assoc v Secretary of State*, 241 Mich App 432, 440; 616 NW2d 234 (2000) (quoting former Attorney General Frank Kelley, who stated, "The purpose of a recount is to determine whether the results of the first count of ballots should stand or should be changed because of fraud or mistake in the canvass of votes…").

For these reasons, we conclude that, to meet the "aggrieved" candidate requirement under subsection 879(1)(b), the candidate must be able to allege a good faith belief that but for mistake or fraud, the candidate would have had a reasonable chance of winning the election.[2]

---

[1] Also see *McKenzie v Bd of City Canvassers of the City of Port Huron*, 70 Mich 147, 148-150; 38 NW 11 (1888) (holding that the candidate's petition was sufficient when it alleged that he lost the election by four votes and mistakes or fraudulent acts resulted in the under-reporting of votes actually cast for the petitioning candidate and the over-reporting of votes for the candidate's opponent, such that if the votes had been correctly tabulated, the petitioning candidate would have won); *Kennedy*, 127 Mich App at 495-497 (holding that the candidate's petition was sufficient when the candidate lost by 17 votes and "only a slight change in the totals would have been sufficient to change the outcome of the elections").

[2] The appellate courts of this state have long recognized, in the context of the law, that the term "aggrieved" contemplates an actual injury that adversely impacts or prejudices the substantial rights of a party. *Federated Ins Co v Oakland Co Rd Comm'n*, 475 Mich 286, 291-292; 715 NW2d 846 (2006); *Ford Motor Co v Jackson (On Rehearing)*, 399 Mich 213, 226 n 9; 249 NW2d 29 (1976) (Coleman, J.); *In re Estate of Trankla*, 321 Mich 478, 482; 32 NW2d 715 (1948); *Spires v Bergman*, 276 Mich App 432, 441-442; 741 NW2d 523 (2007); *Maxwell v Dep't of Environmental Quality*, 264 Mich App 567, 571; 692 NW2d 68 (2004). A party is not aggrieved by a mere possibility of injury arising from some unknown and future contingency, *Ford Motor Co*, 339 Mich at 226 n 9, or by being merely disappointed over a certain outcome, *Federated Ins Co*, 475 Mich at 291.

The Board argues that its clear legal duties do not include a determination of whether a party is an aggrieved party. The Board asserts that, under MCL 168.882(3) and MCL 168.883, the Board has only two legal duties to perform regarding recount petitions: to rule on the objections to the petition offered by any opposing candidate and to investigate the facts set forth in the petition. According to the Board, its members satisfied their duties in this case because they met, considered, and ruled on the objections.

We find the Board's position untenable. MCL 168.879(1) conditions a candidate's right to petition for a recount on the submission of a petition that satisfies that statute's requirements, clearly stating that "a candidate voted for at a primary or election for an office may petition for a recount of the votes *if all of the following requirements are met*[.]" (Emphasis added.) When read in conjunction with the Board's obligation under MCL 168.882(3) to rule on objections to a petition, MCL 168.879(1) creates a clear legal duty to accept only those petitions that satisfy MCL 168.879's requirements and to reject those that do not.[3]

### V.  APPLICATION TO DR. STEIN

A review of candidate Stein's petition for a recount reveals that she merely parroted the language of MCL 168.879(1)(b) in her petition. The petition lacks even the most general allegations from which the Board could infer that a recount would change the outcome of the election in Dr. Stein's favor. The vote totals for President-Elect Trump and Dr. Stein cannot be characterized as close, nor will a slight change in these totals be sufficient to change the outcome of the election: President-Elect Trump received 2,279,543 votes and Dr. Stein received 51,463 votes. The 2,228,080 difference in vote totals assures that no change in the vote totals is reasonably likely to change the previously announced result in Dr. Stein's favor.

Indeed, Dr. Stein readily admits that she is unlikely to change the result previously announced. Under these circumstances, we conclude that Dr. Stein's petition failed to meet the requirements of subsection 879(1)(b) because she has not alleged, and cannot allege in good faith, that she "is aggrieved on account of fraud or mistake in the canvass of the votes" for the Office of President of the United States. Under these circumstances, the Board had a clear legal duty to reject Dr. Stein's petition.

The act of rejecting the petition is ministerial. A ministerial act is "one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 63 n 11; 832 NW2d 728 (2013) (quotation marks and citation omitted). There is no exercise of discretion required in the rejection of a recount petition on purely legal grounds. Finally, we are convinced that no other legal remedy exists that would achieve the same result as rejecting Dr. Stein's petition.

---

[3] Our conclusion is consistent with this Court's prior recognition that a petition for a writ of mandamus is the proper tool to enforce the provisions of MCL 168.879. See *Santia v Bd of State Canvassers*, 152 Mich App 1, 6; 391 NW2d 504 (1986).

Accordingly, we grant the requests of the Attorney General and President-Elect Trump for issuance of a writ of mandamus.[4] We direct the Board of State Canvassers to reject the November 30, 2016 petition of candidate Stein that precipitated the current recount process. We retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

---

[4] We recognize that the United States District Court for the Eastern District of Michigan entered a temporary restraining order which affirmatively required that the Secretary of State commence the recount before the expiration of the 2-day waiting period required by MCL 168.882(3). *Stein v Thomas*, No. 16-cv-14233 (ED Mich, 2016). That decision did not address the threshold issue presented in this case, whether Stein is an aggrieved candidate, so there is no conflict between our decisions. Additionally, the second footnote in the Eastern District's opinion recognized the possibility that this Court would halt the recount.