UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL STEIN and LOUIS NOVAK,

    Plaintiffs,

No.: 16-cv-4233
Hon. Mark A. Goldsmith

v.

CHRISTOPHER THOMAS, in his official capacity as Director of Elections; and JEANETTE BRADSHAW, NORMAN D. SHINKLE, JULIE MATUZAK, and COLLEEN PERO, in Their Official Capacities as Members of the Board of State Canvassers,

    Defendants.

_____/

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COME Plaintiffs Jill Stein and Louis Novak (collectively "Plaintiffs"), by and through their attorneys, Goodman Acker, P.C., and for their First Amended Complaint, pursuant to FRCP 15(a)(1), for declaratory and injunctive relief against, Christopher Thomas, in his official capacity as Director of Elections; and Jeanette Bradshaw, Norman D. Shinkle, Jule Matuzak, and

1

Colleen Pero, in their official Capacities as Members of the Board of State Canvassers.

## INTRODUCTION

1. Plaintiffs bring this action to vindicate the federal Constitutional rights of Michigan voters, who are in imminent danger of being disenfranchised in the 2016 Presidential election.

2. Plaintiffs seek to ensure the continuation of a recount both as a matter of federal constitutional and state law, and to ensure its completion before Michigan's delegates for the electoral college are selected.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1357; and 42 U.S.C. § 1983.

4. This Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is in this district is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Jill Stein is the Green Party presidential candidate, whose name appeared on the ballot in Michigan.

7. Plaintiff Louis Novak is a voter in the State of Michigan.

8. Defendant Christopher Thomas is the Michigan Director of Elections and is being sued in his official capacity.

9. Defendant Jeanette Bradshaw is a member of the Michigan Board of State Canvassers and is sued in her official capacity.

10. Defendant Norman D. Shinkle is a member of the Michigan Board of State Canvassers and is sued in his official capacity.

11. Defendant Julie Matuzak is a member of the Michigan Board of State Canvassers and is sued in her official capacity.

12. Defendant Colleen Pero is a member of the Michigan Board of State Canvassers and is sued in her official capacity.

## FACTUAL ALLEGATIONS

### *Voting System in Michigan and the 2016 Presidential Election*

13. Plaintiff Jill Stein is the Green Party presidential candidate for the November 2016 election, and her name appeared on the ballot in Michigan.

14. The State of Michigan relies exclusively on optical scan machines to tabulate the paper ballots of all voters.

15. Experts have repeatedly documented in peer-reviewed and state-sponsored research that these machines, which are essentially computers with reprogrammable software, have serious cybersecurity problems. In just a few seconds, anyone can install vote-stealing malware on a voting machine that

silently alters the electronic records of every vote. Practically speaking, it is not possible to determine with certainty the absence of malicious software hiding within what might appear to be many thousands of lines of legitimate software code.

16. Whether voting machines are connected to the Internet is irrelevant. Sophisticated attackers such as nation-states have a developed a variety of techniques for attacking non-Internet-connected systems.

17. While the vulnerabilities of Michigan's voting machines have been known for some time, it continues to use these machines without adopting auditing procedures or other mechanisms for securing its voting system against interference.

18. The danger caused by these machines is exacerbated in the context of the 2016 presidential election, which has been subject to unprecedented cyber attacks intended to interfere with the election. Attackers infiltrated the government voter registration systems of Illinois and Arizona, and stole voter data. They attempted to breach election offices in more than 20 other states. Attackers broke into the email system of the Democratic National Convention. The Director of Intelligence and Department of Homeland Security are "confident" that a foreign government engaged in hacking "to interfere with the US election process."

19. Michigan's 2016 election results raise other, indpendent red flags regarding potential interference and unreliability with election results. Of the 4,874,619 votes cast in Michigan in November, over 75,000 did not record a vote for the office of president. This discrepancy between total votes cast and votes cast for president—known as the "undervote"—represents 1.5% of the total vote in the state, and it is substantially higher than in recent presidential election years. The 75,335 undervotes is 70% more than the number of undervotes in 2012, though there are fewer than 2% more voters this year. The number of undervotes also dwarfs the 10,704 margin between the top two candidates.

20. In light of the unreliable machines used to tabulate votes and the irregularities seen with undervotes, Plaintiff Jill Stein sought to verify the accuracy of the results for president in the State through a recount of paper ballots without relying on the faulty optical scan machines.

*Jill Stein's Petition for Recount*

21. On November 28, 2016, the Board of State Canvassers ("Board") held a hearing, in part, to certify the results of the 2016 presidential election. At the hearing, Plaintiff Stein, through counsel, stated her intent to file a petition for a statewide recount of the presidential election.

22. During this hearing, Christopher M. Thomas, Director of Elections, requested authority to oversee any potential recount and assured the Board that a

recount could be completed before December 13, 2016, the federal safe harbor date for the selection of electors. The Board granted Mr. Thomas that authority.

23. On November 30, 2016, Plaintiff Stein filed a Petition for a Recount with the Michigan Board of State Canvassers. Along with the Petition, Plaintiff Stein paid a filing fee of $973,250 to the State of Michigan.

24. After the Petition was filed, Mr. Thomas and his staff initiated plans to start the recount on Friday, December 2. The recount was scheduled to occur from 9 a.m. to 8 p.m. each day until completed, including weekends. Thomas expressed his confidence that the schedule would ensure completion of the recount by December 13.

25. On Thursday, December 1, Donald J. Trump filed objections to Plaintiff Stein's Petition. Mr. Trump objected to the petition on the following grounds: (1) even though Plaintiff Stein is a presidential candidate, as required under Michigan law to seek a recount, she was not permitted to do so; (2) a recount could not be completed by December 13th, if started on December 2nd; and (3) the petition, which was sworn before a notary public, was not validly notarized.

26. The Board noticed meetings for December 2nd and 3rd and included on its agenda "resolution of any objections to the recount petition." The Bureau of Elections suspended its plans to begin the recount on December 2nd, stated that

they have been "put on hold until the Board of State Canvassers makes a determination on the objection."

27. On December 2, 2016, the Board held a hearing regarding Mr. Trump's objections. At the conclusion of the hearing, the Board rejected each of Mr. Trump's objections.

28. Even though the Board rejected Mr. Trump's frivolous objections, Mr. Thomas concluded that the recount could not begin until at least two-business days elapsed. He relied on Mich. Comp. Law § 166.882(3) in reaching that conclusion. That statute reads, in part, as follows: "The board of state canvassers shall not begin a recount unless two or more business days have elapsed since the board ruled on the objections under this subsection, if applicable."

29. Mr. Thomas stated his intention to start the recount on the evening of Tuesday, December 6 or early on Wednesday, December 7 based on this directive. He could not assure the Board or the public that a recount starting on December 7 would be completed before December 13th.

30. Plaintiffs commenced this action and secured an order from this Court on December 6, 2016, holding that enforcement of the four-day delay would jeopardize Plaintiffs' "right to a recount provided by state law, designed to ensure a fair and accurate election." ECF No. 16 at 4. This, in turn, was held to burden Plaintiffs' right to vote vested in them by the state's decision to allow

7

voters to vote for presidential electors, in violation of the First and Fourteenth Amendments. *Id.* at 3. The Court therefore issued a temporary restraining order, directing that the recount commence at noon as of December 5, 2016 and "continue until further order of this Court." The order was affirmed by the U.S. Court of Appeals for the Sixth Circuit on December 6, 2016.

31. Also on December 6, the Michigan Court of Appeals, the state's intermediate appellate court, directed the Board of Canvassers and Director Thomas to deny Plaintiff Stein's petition for a recount. The Court held that Michigan's statute requiring a candidate petitioning for a recount to "allege[] that that [she] is aggrieved on account of fraud or mistake," MCL § 168.879(1)(b), in fact requires the candidate to establish that she has a likelihood of *winning* the election but for fraud or mistake in the counting of votes. *Attorney General v. Bd. of State Canvassers*, No. 335947, Slip Op. at 4-5 (Mich. Ct. of Appeals Dec. 6, 2016).

32. If the Board ceases the recount for which Dr. Stein petitioned, she will be stripped of an essential element of the state's election system to which she has been granted a right by the Michigan legislature, in violation of the Fourteenth Amendment. Worse, she will be stripped of this right in a manner that burdens both her and her voters because of her third-party standing, in violation of the First and Fourteenth Amendments.

33. Furthermore, both she and every citizen and voter in Michigan will be left victims of a system for recording and tallying votes that is unreliable, vulnerable, and unsecure.

34. If this Court fails to ensure that the Board timely completes the recount by December 13, Michigan voters risk being deprived of their fundamental right to vote.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983; Fourteenth Amendment, Equal Protection

35. Plaintiffs incorporate by reference the foregoing as if set forth word for word.

36. Acting under color of state law, Defendants, by any act that jeopardizes completion of a recount before December 13, 2016 maintain and implement a system of voting that denies Michigan voters the right to vote as compared to voters in other states.

37. Defendants, acting under color of state law, by any such act, deprive and severely burden, and threatened to deprive and severely burden, Michigan voters, including Plaintiff Novak, of their fundamental right to vote.

38. Defendants, acting under color of state law, by any such act, deprive and severely burden, and threaten to deprive and severely burden, Plaintiff Stein

9

and her supporters of their fundamental right to vote by virtue of her third-party status.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983; Fourteenth Amendment, Due Process

39. Plaintiffs incorporate by reference the foregoing as if set forth word for word.

40. Acting under color of state law, Defendants, by any act that jeopardizes completion of a recount before December 13, 2016, maintain and implement a system of voting, and threaten to maintain and implement a system of voting, that denies Michigan voters the right to have their votes counted in the election of Michigan's delegates to the Electoral College.

41. Defendants, acting under color of state law, by an act that jeopardizes completion of a recount before December 13, 2016, maintain and implement a system of voting, and threaten to maintain and implement a system of voting, that denies Michigan voters the right to a fundamentally fair method of having their votes counted.

42. As a result, Michigan citizens, including Plaintiff Novak, will be denied the right to vote.

10

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983; First Amendment

43. Plaintiffs incorporate by reference the foregoing as if set forth word for word.

44. Acting under color of state law, Defendants, by an act that jeopardizes completion of a recount before December 13, 2016, are maintaining and implementing a system of voting that is fundamentally unfair and that denies and severely burdens the right to vote and that violates the First Amendment to the United States Constitution.

45. As a result, Michigan citizens, including Plaintiff Novak, will be denied the right to vote.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask that the Court:

1. Declare that any act that threatens to prevent the State from completing its statewide recount:

    a. Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

    b. Violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

    c. Violates the First Amendment to the United States Constitution.

2. Declare that the rights and privileges of Plaintiffs and other citizens will be irreparably harmed without the intervention of this Court to secure those rights for the exercise thereof in a timely and meaningful manner; and

3. Enjoin preliminarily and permanently the Defendants, their agents, officers and employees, and all persons acting in concert or cooperation with them from taking any action that threatens to prevent the State from completing its statewide recount; and

4. Award Plaintiffs disbursements, costs, and attorneys' fees; and

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

EMERY CELLI BRINCKERHOFF & ABADY LLP

    /s/ Jessica Clarke
Jessica Clarke
Hayley Horowitz
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

GOODMAN ACKER, P.C.
Mark Brewer (P35661)
17000 W. Ten Mile Road, 2nd Floor
Southfield, MI 48075
(248) 483-5000
mbrewer@goodmanacker.com

Dated:  December 6, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2016, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                           */s/ Jennifer Suidan*
                                              Jennifer Suidan